## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| JERRY GORALSKI LAMB, | | |
| | * | |
| Lamb, | * | No. 8:19-cv-03469-PX |
| | * | |
| v. | * | |
| | * | |
| THOMAS MADLY, UNITED STATES, TERRENCE O'CONNELL, RICHARD PAQUETTE, | | |
| | * | |
| Defendants. | * | |
| | *** | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Plaintiff Jerry Goralski Lamb's motion to seal his Amended Complaint and accompanying exhibits.  ECF No 16.  Lamb has also identified certain exhibits to the Amended Complaint that include isolated references to Lamb's medical condition as well as other email communications, receipts, transcripts, letters, and other pleadings that he wishes to remain sealed.  ECF Nos. 10-1–10-4.  Defendant opposes Lamb's motion for failure to comply with Local Rule 105.11 or otherwise state a compelling reason to justify sealing.  ECF No. 23. For the reasons stated below, the Court finds that the Amended Complaint and exhibits need not be sealed, save for Lamb's date of birth included in ECF No. 10-3.

The Court "presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)).  Such records include "judicially authored or created documents," as well as documents filed with a court that "play a role in the adjudicative process or adjudicate substantive rights."  *In re Application*, 707 F.3d

283, 290 (4th Cir. 2013).  This presumptive right of access "can be rebutted if countervailing interests heavily outweigh the public interests in access."  *Va. Dep't of State Police*, 386 F.3d at 575 (internal quotations and citations omitted); *Rock v. McHugh*, 819 F. Supp. 2d 456, 475 (D. Md. 2011).  "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).  Ultimately, the "decision whether to grant or restrict access to judicial records or documents" under the common law is "best left to the sound discretion of the [district] court."  *Va. Dep't of State Police*, 386 F.3d at 575 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 598–99 (1978)).

The party seeking redaction or sealing must also comply with certain procedural requirements.  First, the movant must provide notice "reasonably in advance of deciding the issue" so the non-movant may object.  *In re Knight Publ'g Co.*, 743 F.2d 231, 234–35 (4th Cir. 1984).  Second, per Local Rule 105.11, the movant must support his motion with "specific factual representations" and explain why "alternatives to sealing do not provide sufficient protection."  Local Rule 105.11; *see also Va. Dep't of State Police*, 386 F.3d at 576.

Although Lamb proceeds pro se and is thus afforded some leniency, he is not absolved from complying with court rules.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").  Apart from claiming a general privacy interest in his personal health and identifying information, Lamb has failed to submit any justification for sealing the documents in their entirety.

The Court cannot discern any privacy interest that must be afforded the protection of sealing. The documents include general reference to Lamb's medical conditions with little detail. *See Rock*, 819 F. Supp. 2d at 476. Further, because the claimed medical conditions form the "very basis" of his claims, the Court cannot find that Lamb's interest in privacy outweighs the competing public right to access. *Id.* (denying movant's request to eliminate all reference to his alcoholism) (citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) (stigma of alcoholism insufficient to overcome presumption of public access)). Most critically, Lamb has also already disclosed these same health conditions in a prior lawsuit, and so the same information has been part of the public record for quite some time. *See Lamb v. Spencer*, Civ. No. PX-16-2705, ECF Nos. 1, 6, 41; *see also Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 577 (D. Md. 2012) (denying a motion to seal records that were discussed extensively in an unsealed memorandum). Sealing, therefore, is simply not warranted.

In response, Lamb points out that the Court had sealed the voluminous administrative record in the prior suit because it included his protected health information. *See Lamb v. Spencer*, Civ. No. PX-16-2705, ECF Nos. 46, 49. The unopposed motion to seal in the prior case, however, concerned an unwieldy administrative record for which neither party disputed that redaction would present a substantial burden. *See id.*, ECF No. 45. Here, by contrast, the select exhibits appended to the Amended Complaint are easily reviewable and, for the most part, do not include any sensitive information. To the extent the exhibits include general reference to Lamb's medical conditions, such information is no different or more specific than what had been previously disclosed in the prior action. *See id.*, ECF Nos. 1, 6, 41. Accordingly, Lamb has failed to show that his interest in sealing this information "heavily outweigh[s]" the public's presumptive right of access. *Virginia Dep't of State Police*, 386 F.3d at 575.

3

For the above-stated reasons, it is this 15th day of May 2020, by the United States District Court for the District of Maryland, ORDERED that:

1. The Motion to Seal (ECF No. 16) filed by Plaintiff Jerry Goralski Lamb BE, and the same hereby IS GRANTED as to ECF No. 10-3, only as to the date of birth included at p. 23;

2. the Motion is OTHERWISE DENIED; the Clerk is directed to UNSEAL the Amended Complaint and all Exhibits except Lamb's date of birth in ECF 10-3;

3. The CLERK shall TRANSMIT copies of this Memorandum Opinion and Order to Lamb and Counsel for Defendants.

May 15, 2020
Date

_____/S/_____
Paula Xinis
United States District Judge