**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| JERRY GORALSKI LAMB, ) | ) |
| Plaintiff, ) | ) |
| ) | Civil Action No. 19-cv-3469-LKG |
| v. ) | ) |
| ) | Dated:  January 20, 2022 |
| THOMAS MODLY, *et al.*, ) | ) |
| Defendants. ) | ) |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

This employment discrimination matter arises from plaintiff *pro se* Jerry Goralski Lamb's previous employment with the Department of the Navy's Naval Air Systems Command (the "Navy"). *See generally* 2nd Am. Compl., ECF No. 42; Memorandum Opinion dated Mar. 30, 2021 ("Mem. Op."), ECF No. 62; Mar. 30, 2021 Order, ECF No. 63. Plaintiff's remaining three claims in this matter involve allegations that the Navy retaliated against him for filing an Equal Employment Opportunity ("EEO") complaint, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, by: (1) providing him with a new workload that was on "inactive" status on July 29, 2014; (2) requesting that he undergo a psychological evaluation on July 30, 2014; and (3) suspending him for one day without pay in September 2014.[1] *See* Mem. Op.; Mar. 30, 2021 Order.

---

[1] On March 30, 2021, the Court dismissed plaintiff's constitutional law, Federal Tort Claims Act ("FTCA"), Rehabilitation Act, and Privacy Act claims with prejudice. *See* Mem. Op. at 13-18; Mar. 30, 2021 Order. Specifically, the Court held that: (1) plaintiff's Rehabilitation Act, constitutional law, FTCA and certain Privacy Act claims were barred upon the grounds of res judicata; (2) plaintiff's retaliation claims based upon the July 2014 Complaint were not barred upon the grounds of res judicata; (3) plaintiff failed to establish his due process claims as a matter of law; and (4) the remainder of plaintiff's Privacy Act claims failed as a matter of law. *See* Mem. Op. at 13-25.

Defendants have moved to dismiss these claims for failure to state a claim, or, alternatively, for summary judgment in their favor, pursuant to Fed. R. Civ. P. 12(b)(6) and 56. *See generally* Def. Mot., ECF No. 67; Def. Mem., ECF No. 67-1. For the reasons that follow, the Court **GRANTS** defendants' motion to dismiss, or, alternatively, for summary judgment and **DISMISSES** the second amended complaint.

## II.   FACTUAL AND PROCEDURAL BACKGROUND[2]

### A.   Factual Background

An extensive factual background for this case can be found in the Court's March 30, 2021, Memorandum Opinion dismissing plaintiff's constitutional law, FTCA, Rehabilitation Act and Privacy Act claims. *See generally* Mem. Op.; Mar. 30, 2021 Order. The material facts relevant to plaintiff's remaining retaliation claims are set forth below.

Plaintiff's Employment History

As background, plaintiff was employed with the Navy from February 2009 to August 2015. 2nd Am. Compl. at ¶¶ 27-28. During the period February 8, 2009, to March 6, 2015, plaintiff was employed as a Navy contracts specialist. *Id.* at ¶ 27.

During his tenure with the Navy, plaintiff filed several informal and formal complaints of discrimination. *Id.* at ¶¶ 17-18, 35, 44. Relevant to this dispute, in July 2014, plaintiff filed an informal EEO complaint alleging, among other things, that he was being discriminated against upon the basis of age, race, gender and color and retaliated against for having previously filed an EEO complaint involving his supervisor, Michelle Webb (the "July 2014 Complaint"). *Id.* at ¶¶ 34-35; 44.

Subsequently, on October 2, 2014, plaintiff filed a formal complaint of discrimination alleging, among other things, that he was retaliated against based upon this prior protected EEO activity when: (1) on July 29, 2014, Michelle Webb assigned him a new workload that was on

---

[2] Unless otherwise stated, the facts recited in this Memorandum Opinion and Order are undisputed and derived from the second amended complaint ("2nd Am. Compl."); the administrative record ("AR"); defendants' memorandum in support of their motion to dismiss, or, alternatively, for summary judgment ("Def. Mem."); and plaintiff's response in opposition to defendants' motion ("Pl. Resp.").

"inactive" status; (2) on July 30, 2014, Kelley Bean, a Navy security specialist, contacted him to request that he undergo a psychological evaluation; and (3) he was suspended for one day without pay on September 18, 2014.[3] *Id.* at ¶ 17; AR at 000030-000044.

On December 1, 2017, the Navy found no retaliation and dismissed plaintiff's EEO complaint. 2nd Am. Compl. at ¶¶ 14, 19. After plaintiff appealed the Navy's dismissal decision, the Equal Employment Opportunity Commission ("EEOC") denied plaintiff's motion for reconsideration on February 19, 2020. *See* Def. Mot. to Dismiss Ex. 8 at 2, ECF No. 37-9; Mem. Op. at 7.

<u>Plaintiff's Retaliation Claims</u>

Plaintiff's remaining retaliation claims in this action mirror his October 2, 2014, EEO complaint. Plaintiff alleges that the Navy retaliated against him for filing the July 2014 Complaint when: (1) on July 29, 2014, he was provided with "a new workload that was on 'inactive' status"; (2) on July 30, 2014, the Navy requested that he undergo a psychological evaluation; and (3) he received a one-day suspension without pay in September 2014. 2nd Am. Compl. at ¶¶ 46-49, 57, 150; AR at 000462. Specifically, plaintiff alleges that he was assigned contracts for which he could not perform any work due to lack of funding, the assigned work was "stagnant and inactive and did not require any input on [his] part," and he was "just performing odds and ends things." 2nd Am. Compl. at ¶ 46; AR at 000663. Plaintiff also alleges that Kelley Bean requested that he undergo a psychological evaluation on July 30, 2014, in retaliation for his prior EEO activity. 2nd Am. Compl. at ¶ 47. It is undisputed that plaintiff did not undergo the requested psychological evaluation. AR at 000663; *see generally* 2nd. Am. Compl.; Def. Mem. But, plaintiff alleges that the Navy initially requested that he undergo a psychological evaluation "shortly after [he] engaged in protected activity" in November 2013. 2nd. Am. Compl. at ¶ 49.

Lastly, plaintiff alleges that, on September 18, 2014, Michelle Webb suspended him

---

[3] Plaintiff filed a third formal complaint of discrimination on July 27, 2015. 2nd Am. Compl. at ¶ 18. In addition, plaintiff has brought unsuccessful challenges of his removal from federal service before the Merit Systems Protection Board and the EEOC Office of Federal Operations. *Id.* at ¶¶ 20-21. In 2016, plaintiff also filed an unsuccessful wrongful termination case in this Court challenging his removal from federal service. *See generally Lamb v. Spencer*, No. 16-2705, 2018 WL 6434512 (D. Md. Dec. 7, 2018).

without pay for one day, for failing to provide medical documentation clearing him to return to work before attending a training session, in retaliation for his prior EEO activity. *Id*. at ¶¶ 53, 57; AR at 000462.

Plaintiff's employment with the Navy terminated on August 17, 2015. 2nd Am. Compl. at ¶ 28.

### B.     Procedural Background

Plaintiff initiated this action on December 4, 2019. Compl., ECF No. 1. On August 18, 2020, defendants filed a motion to dismiss for failure to state a claim, or, alternatively, for summary judgment, pursuant to Fed. R. Civ. P. 12(b)(6) and 56. ECF No. 37. Plaintiff filed an amended complaint and a second amended complaint on September 25, 2020, and March 30, 2021, respectively. *See generally* Am. Compl., ECF No. 10; 2nd Am. Compl.

On March 30, 2021, the Court issued a Memorandum Opinion and separate Order granting-in-part and denying-in-part defendants' August 18, 2020, dispositive motion and dismissing the constitutional law, FTCA, Rehabilitation Act and Privacy Act claims in this action with prejudice. *See* Mem. Op. at 13-25; Mar. 30, 2021 Order.

On May 3, 2021, defendants filed a motion to dismiss the remaining claims in this action for failure to state a claim, or, alternatively, for summary judgment, pursuant to Fed. R. Civ. P. 12(b)(6) and 56. *See* Def. Mot.; Def. Mem. Plaintiff filed a response in opposition to defendants' motion on May 24, 2021. Pl. Resp., ECF No. 69. Defendants filed a reply in support of their motion on June 16, 2021. Def. Reply, ECF No. 73.

On August 31, 2021, plaintiff filed a sur-reply in further response to defendants' motion by leave of the Court. Pl. Sur-reply, ECF No. 75. After the Court ordered defendants to respond to the arguments raised in plaintiff's sur-reply, defendants filed a supplemental brief in support of their motion on November 1, 2021. Sept. 15, 2021 Order, ECF No 76; Def. Supp. Br., ECF No. 77.

Defendants' motion having been fully briefed, the Court resolves the pending motion.

### III.   LEGAL STANDARDS

#### A.   *Pro Se* Litigants

Plaintiff is proceeding in this matter without the assistance of counsel. And so, the Court must construe the second amended complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *see also Bell v. Bank of Am., N.A.*, No. 13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations omitted). And so, if plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

#### B.   Fed. R. Civ. P. 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). In this regard, the Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). And so, to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

#### C.   Fed. R. Civ. P. 56

In addition, it is well-established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th

Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1987). And so, the moving party bears the burden of showing that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Catawba Indian Tribe of S.C. v. State of S.C.*, 978 F.2d 1334, 1339 (4th Cir. 1992), cert. denied, 507 U.S. 972 (1993).

When ruling on a motion for summary judgment, the Court must construe the facts alleged in the light most favorable to the party opposing the motion. *See U.S. v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985). Nonetheless, a party who bears the burden of proof on a particular claim must factually support each element of his or her claim. *Celotex Corp.*, 477 U.S. at 322-23. Given this, "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Id.* at 323. And so, on those issues on which the nonmoving party will have the burden of proof, it is the nonmoving party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 256; *Celotex Corp.*, 477 U.S. at 324.

In this regard, "[a] mere scintilla of evidence in support of the nonmovant's position will not defeat a motion for summary judgment." *Detrick v. Panalpina, Inc.*, 108 F.3d 529, 536 (4th Cir. 1997), cert. denied sub. nom., *Gold v. Panalpina, Inc.*, 522 U.S. 810 (1997). And so, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

### D.     Title VII And Retaliation Claims

Lastly, Title VII "prohibits an employer from retaliating against a worker for either participating in a Title VII proceeding or opposing an employer's discriminatory practices." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 255 (4th Cir. 1998) (citing 42 U.S.C. § 2000e-3(a)). There are two methods for proving retaliation under Title VII: (1) through direct or indirect evidence of retaliatory animus, or (2) through circumstantial evidence under the three-step, burden-shifting scheme set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973). *See Netter v. Barnes*, 908 F.3d 932, 938 (4th Cir. 2018).

6

For the first method, an employee may "utilize ordinary principles of proof using any direct or indirect evidence relevant to and sufficiently probative of the issue." *Rhoads v. F.D.I.C.*, 257 F.3d 373, 391 (4th Cir. 2001) (citations and internal quotation marks omitted). To overcome a summary judgment motion based upon this method of proof, the plaintiff must produce direct evidence of a stated purpose to retaliate and/or indirect evidence of sufficient probative force to reflect a genuine issue of material fact. *See id.* And so, a plaintiff must provide "'evidence of conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision.'" *Id.* at 391-92 (quoting *Fuller v. Phipps*, 67 F.3d 1137, 1142 (4th Cir. 1995)).

A plaintiff lacking direct evidence of retaliation may utilize the *McDonnell Douglas Corp. v. Green* framework to prove a claim of retaliation. *See Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 249 (4th Cir. 2015). Under this framework, a plaintiff must first establish a prima facie case of retaliation. *See McDonnell Douglas Corp.*, 411 U.S. at 802. To establish a prima facie case of retaliation, a plaintiff must establish by a preponderance of the evidence that: (1) he engaged in protected activity; (2) his employer acted adversely against him; and (3) the protected activity and the adverse action were causally connected. *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007); *see also Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 190 (4th Cir. 2001) (citing *Gibson v. Old Town Trolley Tours of Wash., D.C., Inc.*, 160 F.3d 177, 180 (4th Cir. 1998)).

"An absolute precondition to [any Title VII action is] that some adverse employment action [has] occurred." *Bristow v. Daily Press, Inc.*, 770 F.2d 1251, 1255 (4th Cir. 1985). In this regard, the United States Court of Appeals for the Fourth Circuit has held that an adverse employment action must affect hiring, granting leave, promoting, compensating, or discharging. *Page v. Bolger*, 645 F.2d 227, 233 (4th Cir. 1981). And so, absent evidence that the "terms, conditions, or benefits of [a plaintiff's] employment were adversely affected," there is no adverse employment action. *Munday v. Waste Mgmt. of N. Am., Inc.*, 126 F.3d 239, 243 (4th Cir. 1997); *see also Reinhold v. Commonwealth of Va.*, 151 F.3d 172, 174-75 (4th Cir. 1998) (noting that adverse employment action generally means "a significant change in employment status . . . [, which in most cases,] involve[s] economic harm").

7

If a plaintiff establishes a prima facie case of retaliation, the burden of production shifts to the defendant to present a legitimate, nondiscriminatory reason for the adverse employment action alleged. *Perry v. Peters*, 341 F. App'x 856, 858 (4th Cir. 2009). The defendant's burden is one of production, not persuasion. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993). And so, a defendant satisfies its burden by introducing evidence that, if true, would permit the conclusion that there was a non-retaliatory reason for the challenged adverse action. *Id.* at 509.

If the defendant succeeds in doing so, that showing will rebut the presumption raised by the plaintiff's prima facie case. *See id.* at 507 (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 (1981)). The plaintiff then must prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for retaliation. *See Gibson v. Marjack Co.*, 718 F. Supp. 2d 649, 653 (D. Md. 2010) (citing *Burdine*, 450 U.S. at 253). In this regard, a reason cannot be proved to be a pretext for retaliation unless it is shown that "*both* that the reason was false, *and* that [retaliation] was the real reason." *St. Mary's Honor Ctr.*, 509 U.S. at 515 (emphasis in original); *see also Foster*, 787 F.3d at 252 (applying the *St Mary's* pretext analysis to a retaliation claim).

A plaintiff "must show that the adverse action would not have occurred 'but for' the protected conduct." *Dwyer v. Smith*, 867 F.2d 184, 191 (4th Cir. 1989) (quoting *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365-66 (4th Cir. 1985)). It is also not enough to show that the plaintiff perceived the defendant's motives to be retaliatory: Rather, the important inquiry is what actually motivated the defendant's decision. *See Evans v. Techs. Applications & Serv. Co.*, 875 F. Supp. 1115, 1124 (D. Md. 1995), *aff'd*, 80 F.3d 954 (4th Cir. 1996).

In addition, a plaintiff's self-assessment of his own abilities is not sufficient to establish pretext or intentional retaliation. *Evans v. Techs. Applications & Serv. Co*, 80 F.3d 954, 959 (4th Cir. 1996) (citation omitted). Rather, a plaintiff must produce objective evidence that the defendant's stated reasons are mere pretext and that the defendant's actions were the product of retaliatory intent to avoid summary judgment on the issue of intentional retaliation. *See Csicseri v. Bowsher*, 862 F. Supp. 547, 570-71 (D.D.C. 1994), *aff'd*, 67 F.3d 972 (D.C. Cir. 1995).

## III.  LEGAL ANALYSIS

Defendants have moved to dismiss plaintiff's remaining retaliation claims in this case for failure to state a claim, or, alternatively, for summary judgment in their favor, pursuant to Fed. R. Civ. P. 12(b)(6) and 56.  *See generally* Def. Mot.; Def. Mem.  Specifically, defendants argue that plaintiff cannot prevail upon his retaliation claims, because:  (1) the Navy's alleged actions do not constitute adverse employment actions and (2) plaintiff cannot show that the Navy's stated reasons for these actions are a pretext for retaliation.[4]  Def. Mem. at 7-12.

Plaintiff counters that the Navy's actions constitute adverse employment actions, because these actions would have dissuaded a reasonable worker from making a charge of discrimination.  Pl. Resp. at 5-9.  In addition, plaintiff argues that he has plausibly alleged pretext in this action, because of the "brief duration" between his EEO activity and the Navy's actions.  *Id*. at 9-12.  And so, plaintiff requests that the Court deny defendants' motion.  *Id*. at 12.

For the reasons that follow, the undisputed material facts in this case show that the Navy's request that plaintiff undergo a psychological evaluation and the Navy's decision to assign plaintiff work that was on "inactive status" are not adverse employment actions under Title VII.  The undisputed material facts also show that plaintiff cannot demonstrate that the Navy's stated reason for suspending him without pay for one day is a pretext for retaliation.  And so, the Court **GRANTS** defendants' motion to dismiss, or, alternatively, for summary judgment and **DISMISSES** the second amended complaint.

### A.  Plaintiff Cannot Establish A Prima Facie Case Of Retaliation Based Upon The Navy's Request That He Undergo A Psychological Evaluation

As an initial matter, plaintiff cannot establish a prima facie case of retaliation based upon the Navy's request that he undergo a psychological evaluation, because the undisputed material facts show that the Navy's request is not an adverse employment action under Title VII.  To establish a prima facie case of retaliation, plaintiff must establish by a preponderance of the

---

[4] Because the Court considers evidence in the administrative record for this case in resolving defendants' motion, the Court treats defendants' motion as a motion for summary judgment under Fed. R. Civ. P. 56.  *See* Fed. R. Civ. P. 12(d).  In this regard, the Court also observes that defendants have withdrawn their argument that plaintiff failed to exhaust his administrative remedies.  Def. Supp. Br. at 2.

9

evidence that: (1) he engaged in protected activity; (2) his employer acted adversely against him; and (3) the protected activity and the adverse action were causally connected. *Holland*, 487 F.3d at 218; *see also Spriggs*, 242 F.3d at 190. In this regard, the Fourth Circuit has held that an adverse employment action must affect hiring, granting leave, promoting, compensating, or discharging. *See Page*, 645 F.2d at 233. And so, absent evidence that the "terms, conditions or benefits of [plaintiff's] employment were adversely affected" by the request to undergo a psychological evaluation, there is no adverse employment action in this case. *Munday*, 126 F.3d at 243; *see also Reinhold.*, 151 F.3d at 174-75 (noting that an adverse employment action generally means "a significant change in employment status . . . [, which in most cases,] involve[s] economic harm") (citations omitted).

Plaintiff cannot make such a showing here. While plaintiff correctly argues that some courts have held that a *forced* psychological examination can constitute an adverse employment action, he does not allege that the Navy forced him to undergo a psychological evaluation in the second amended complaint. 2nd Am. Compl. at ¶ 47. And so, the cases that plaintiff relies upon to show that the Navy's request constitutes an adverse employment action are not relevant to this case. Pl. Resp. at 7; *see also McKnatt v. State of Del., Dep't of Pub. Safety*, No. 02-1659, 2004 WL 1465749, at *4 (D. Del. June 23, 2004); 2nd Am. Compl. at ¶¶ 47-49.

In addition, several courts have held that a request that an employee undergo a psychological evaluation is not an adverse employment action under Title VII. *See, e.g.*, *Buric v. Kelly*, 157 F. App'x 391, 394 (2d Cir. 2005) ("With respect to the referral for psychological evaluation . . . , this Court has not held that referral for psychological examination, without more, is an adverse employment action . . . ."); *Krinsky v. Abrams*, No. 01-5052, 2007 WL 1541369, at *7 (E.D.N.Y. May 25, 2007) ("[R]eferral for a psychological evaluation is not considered an adverse employment action"), *aff'd*, 305 F. App'x 784 (2d Cir. 2009). More importantly, in this case, plaintiff fails to allege any facts in the second amended complaint to show that the Navy's request that he undergo a psychological evaluation impacted his working conditions, by, for example, causing a loss of pay, non-promotion, or loss of other work benefits. *See generally* 2nd

Am. Compl.[5]  Because plaintiff has not shown that the Navy's request that he undergo a psychological evaluation impacted the conditions of his employment, he cannot establish that this action constitutes an adverse employment action under Title VII.  And so, the Court must deny this retaliation claim.  Fed. R. Civ. P. 56.

> **B.  Plaintiff Cannot Establish A Prima Facie Case Of Retaliation Based Upon The Assignment Of An "Inactive" Workload**

Plaintiff also cannot establish a prima facie case of retaliation based upon the Navy's decision to assign him an "inactive" workload, because the undisputed material facts similarly show that this action is not an adverse employment action.  In the second amended complaint, plaintiff alleges that he was assigned to "GS11 intern" work after filing the July 2014 Complaint and that this reduction in his responsibilities constitutes an adverse employment action.  2nd Am. Compl. at ¶¶ 45-46; Pl. Resp. at 7-8; *see also* AR at 000663.  While the parties disagree to some extent about the definition of an "inactive workload," they agree that plaintiff experienced a reduction in his work responsibilities in 2014.  *See* AR at 000663; Def. Mem. at 1 n.1, 10-12.  Plaintiff does not, however, point to any facts or evidence to show that the change in his workload impacted his pay, potential for promotion, or other work benefits.  *See generally* 2nd Am. Compl.; Pl. Resp.; Pl. Sur-reply.

Plaintiff's argument that a poor performance evaluation shows that his inactive workload negatively impacted his working conditions is also unsubstantiated.  *See* Pl. Resp. at 2; *see also* AR at 00242-00257.  Plaintiff does not identify a poor performance evaluation that he received after being assigned an inactive workload in July 2014.  *See generally* 2nd Am. Compl.; *see also*

---

[5] Plaintiff argues for the first time in his sur-reply that there are material facts in dispute regarding whether his refusal to undergo a psychological evaluation resulted in his suspension or termination.  Pl. Sur-reply at 2-3; *see also* AR at 0000727 (stating that the Navy requested an evaluation "to make a final personnel security determination").  But, plaintiff identifies no facts or evidence to connect his refusal to undergo a psychological evaluation to either his one-day unpaid suspension in September 2014, or his termination in August 2015.  *See generally* 2nd. Am. Compl; *see also* Pl. Sur-reply at 2-3 (arguing that Michelle Webb and Kathy Mattson made contradictory statements regarding reason for the Navy's request for a psychological evaluation).  The Court also observes that plaintiff's termination occurred more than one year after the Navy requested that he undergo a psychological evaluation.  2nd Am. Compl. at ¶¶ 28, 47.

11

AR at 00242-00257.  This Court has also recognized that poor performance evaluations are generally not considered to be adverse employment actions.  *See Thorn v. Sebelius*, 766 F. Supp. 2d 585, 598 (D. Md. 2011).  And so, the Court agrees with defendants that the Navy's decision to assign plaintiff an "inactive" workload does not constitute an adverse employment action and the Court must also deny this retaliation claim.  Fed. R. Civ. P. 56.

        **C.**        **Plaintiff Cannot Show That The Navy's Stated Reason For His One-Day Suspension Is A Pretext For Retaliation**

Lastly, the Court must also deny plaintiff's retaliation claim based upon his one-day suspension without pay, because the undisputed material facts make clear that plaintiff cannot show that the Navy's stated reason for the suspension is a pretext for retaliation.  The Court agrees with plaintiff that his one-day suspension without pay constitutes an adverse employment action, because plaintiff lost pay as a result of the suspension.  *See Parkinson v. Anne Arundel Med. Ctr. Inc.*, 214 F. Supp. 2d. 511, 518 (D. Md. 2002) (holding that one-day suspension without pay that is causally connected to a plaintiff's protected activity constitutes an adverse employment action).  But, plaintiff cannot show that the Navy's articulated reason for this suspension is a pretext for retaliation.  *See Perry*, 341 F. App'x at 858.

The Navy states that it suspended plaintiff because he was absent without leave for 1.5 months and plaintiff failed to provide medical clearance before returning to work.  Def. Mem. at 12-13; AR at 000430; 000462.  Plaintiff neither disputes that he failed to provide the medical clearance requested by the Navy before returning to work, nor that he was absent without leave from work prior to this suspension.  Pl. Resp. at 2-3; *see also St. Mary's*, 509 U.S. at 515 (holding that to succeed in showing that a defendant's stated reason for his suspension is a pretext for retaliation, a plaintiff must show "*both* that the reason was false, *and* that [retaliation] was the real reason") (emphasis in original).  In addition, while plaintiff argues that the Navy's real reason for suspending him was to retaliate for his prior EEO activity, he provides no facts or evidence to substantiate this claim.  *See generally* 2nd Am. Compl; Pl. Resp.  Indeed, as defendants correctly observe, plaintiff's subjective belief that the Navy intended to retaliate against him by issuing the suspension at issue is simply not sufficient to show that the Navy's stated reason for the suspension is a pretext for retaliation.  Given this, the Court also denies plaintiff's final retaliation claim.  Fed. R. Civ. P. 56.

### IV.     CONCLUSION

In sum, the undisputed material facts in this case show that the Navy's request that plaintiff undergo a psychological evaluation and decision to assign plaintiff an "inactive status" workload are not adverse employment actions under Title VII.  The undisputed material facts also show that plaintiff cannot demonstrate that the Navy's stated reason for suspending him without pay for one day is a pretext for retaliation.  And so, the Court **GRANTS** defendants' motion to dismiss, or alternatively, for summary judgment and **DISMISSES** the second amended complaint.

The Clerk is directed to enter judgment accordingly.

Each party to bear its own costs.

**IT IS SO ORDERED.**

                                                                        s/Lydia Kay Griggsby
                                                                        LYDIA KAY GRIGGSBY
                                                                        United States District Judge